United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NITRIDE SEMICONDUCTORS CO., LTD., <br> Plaintiff, <br> v. <br> RAYVIO CORPORATION, <br> Defendant. | Case No. 17-cv-02952-EJD (SVK) <br><br> **ORDER ON JOINT STATEMENT REGARDING PLAINTIFF'S REQUEST TO COMPEL RESPONSES TO INTERROGATORIES** <br><br> Re: Dkt. No. 48 |

Before the Court is the parties' joint statement regarding Plaintiff's request to compel Defendant to provide further responses to Interrogatory Nos. 2, 3, 7, 8, 10, and 11. ECF 48. Plaintiff contends that these interrogatories request basic factual information that Defendant should be required to provide now. Defendant argues that the interrogatories are premature contention interrogatories. Pursuant to Civil Local Rule 7-1(b), the Court deems this issue appropriate for determination without oral argument. For the reasons discussed below, Plaintiff's motion to compel is DENIED without prejudice to Plaintiff raising these issues again later in discovery.

I. **BACKGROUND**

On May 23, 2017, Plaintiff filed this action alleging that certain of Defendant's products infringe Plaintiff's U.S. Patent No. 6,861,270. ECF 1. Fact discovery has been underway for four months, but according to Defendant, document production is in its early stages, and no depositions have been taken. ECF 48 at 1, 3. Fact discovery will close on June 28, 2018. ECF 37. Claim construction proceedings are also underway. The parties have exchanged proposed terms for construction and proposed constructions, and a claim construction hearing is scheduled for April 19, 2018. *Id.*

The interrogatories that are the subject of the current dispute ask Defendant to provide the

1     following information:
- For each epitaxial process or structure identified in response to Interrogatory No. 1, "identify[] the light-emitting region" and describe "any variation in elemental composition or spatial fluctuation in the band gap in the light emitting region or layer(s) in direct contact with the light emitting region." (Interrogatory Nos. 2 and 3.)
- "Fully describe all factual and legal bases for any contention" underlying Defendant's non-infringement defense. (Interrogatory No. 7.)
- Identify whether and how "any difference(s) between or among the Accused Products supports any defense." (Interrogatory No. 8.)
- Describe the factual basis for any "conten[tion] that the techniques discussed in U.S. Patent Publication No. 2014/0103289 … which are cited in the Complaint in this case are not representative of the techniques by which the Accused Products are manufactured." (Interrogatory No. 10.)
- "Describe in detail all differences between and among the epitaxial processes or structured identified in response to Interrogatory No. 1." (Interrogatory No. 11.)

Defendant responded in part to these interrogatories but also objected to them as premature insofar as they sought Defendant's contentions, claim constructions, and/or expert opinions.

In the parties' exchange of claim terms for construction, Defendant has taken the position that several of the terms used in these interrogatories or similar terms—including "light emitting layer," "a spatial fluctuation in the band gap," "variation in the compositional ratio," and "a special fluctuation … in the band gap"—require construction.

## II.  ANALYSIS

Federal Rule of Civil Procedure 33 permits interrogatories to parties regarding their factual contentions, but also provides that the Court may postpone answers to such interrogatories "until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. Proc. 33(a)(2). An interrogatory "is not objectionable merely because it asks for contentions that relate to fact or the application of law to fact." *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF

1  (RS), 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008).  However, "courts tend to deny
2  contention interrogatories filed before substantial discovery has taken place." *Id.*

Courts in this district require a party moving to compel responses to contention interrogatories at an early stage in litigation to show that the responses would "contribute meaningfully" to one of the following:  (1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion; or (4) exposing a substantial basis for a motion under Rule 11 or Rule 56.  *See In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 337 (N.D. Cal. 1985).

Plaintiff does not acknowledge or address these factors.  Plaintiff argues that Defendant could provide more information about the accused products at issue, but does not explain why requiring a response to the disputed interrogatories now (as opposed to later in discovery) would contribute meaningfully to any of the interests identified in *In re Convergent Technologies.*  The mere prospect that information the Defendant may provide now would make discovery easier is not a sufficient basis for requiring the Defendant to respond to contention interrogatories before substantial discovery has taken place.  *See Barnes & Noble, Inc. v. LSI Corp.*, No. C 11-02709 EMC (LB), 2013 WL 655023, at *2 (N.D. Cal. Feb. 2013) (denying motion to compel responses to contention interrogatories at early stage of litigation).  Moreover, the fact that several of the interrogatories use terms that will be addressed by the District Judge during claim construction is another reason that requiring Defendant to provide additional responses at this time would be of questionable value.  *See Amgen Inc. v. Sandoz Inc.*, No. 14-CV-04741-RS(MEJ), 2016 WL 913105, at *3 (N.D. Cal. March 10, 2016) (denying motion to compel responses to interrogatories containing terms that were the subject of claim construction proceedings that were served before claim construction and before substantial discovery had been conducted).

Accordingly, the Court will not require Defendant to provide further responses at this stage of the case.

////

////

////

3

## III. CONCLUSION

For the reasons discussed above, Plaintiff's motion to compel Defendant to provide more complete responses to Interrogatory Nos. 2, 3, 7, 8, 10, and 11 is DENIED without prejudice to Plaintiff raising these issues again later in the case.

**SO ORDERED.**

Dated: December 14, 2017

*Susan van Keulen*

SUSAN VAN KEULEN
United States Magistrate Judge