ROBERT F. KRAMER (Bar No. 181706)
Email: robert.kramer@dentons.com
RUSSELL S. TONKOVICH (Bar No. 233280)
Email: russell.tonkovich@dentons.com
KENNETH JENQ (Bar No. 266024)
Email: kenneth.jenq@dentons.com
DENTONS US LLP
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304-1125
Telephone: (650) 798-0300
Facsimile: (650) 798-0310

CARL BRETSCHER (*pro hac vice*)
Email: carl.bretscher@dentons.com
DENTONS US LLP
1900 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 496-7500
Facsimile: (202) 496-7756

Attorneys for Defendant
RayVio Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NITRIDE SEMICONDUCTORS CO., LTD., a Japanese corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAYVIO CORPORATION, a Delaware corporation,<br><br>Defendant. | CASE NO. 5:17-cv-02952-EJD<br><br>**DEFENDANT RAYVIO CORPORATION'S ADMINISTRATIVE MOTION FOR LEAVE TO EXCEED PAGE LIMITATION FOR RESPONSIVE CLAIM CONSTRUCTION BRIEF** |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that pursuant to Civil L.R. 7-11, Defendant RayVio Corporation ("RayVio"), by and through its counsel, respectfully moves for an order permitting RayVio to file a 40 page brief containing RayVio's Responsive Claim Construction, which would represent an additional 15 pages beyond the 25 page limit pursuant to the Court's Standing Order for Patent Cases to address issues of both claim construction and complex issues of patent claim indefiniteness under 35 U.S.C. § 112.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.     **INTRODUCTION**

Defendant RayVio respectfully requests, pursuant to Local Rule 7-11, an order permitting it an additional 15 pages for its Responsive Claim Construction Brief, beyond the 25 page limit set by the Court's Standing Order for Patent Cases.  As explained below, RayVio seeks this additional 15 pages to address complex issues of invalidity based on patent claim indefiniteness under 35 U.S.C. § 112 as well as claim construction.  Here, RayVio has the burden of proof as to the invalidity of the claims of Nitride's patent and requests a reasonable 15 additional pages in its briefing to address these complex technical and legal issues.

II.    **WITH COMPLEX ENABLEMENT AND CLAIM CONSTRUCTION ISSUES, RAYVIO NEEDS AN ADDITIONAL 15 PAGES TO FAIRLY PRESENT ITS ARGUMENTS TO THE COURT**

Motions for leave to exceed page limitations are regularly granted by Courts in this district.  *See Cave Consulting Group, Inc. v. Optuminsight, Inc. f.k.a. Ingenix, Inc.*, No. 5:11- cv-0469-EJD, 2015 U.S. Dist. LEXIS 21514, at *52 (N.D. Cal. Aug. 24, 2015); *Sonus Networks, Inc. v. Inventergy, Inc. et. al.*, No. 3:15-cv-00322-EMC, ECF 56 (N.D. Cal. May 20, 2015); *Apple Inc. v. Samsung Elecs. Co., Ltd., et. al.*, No. 11-cv-01846-LHK, ECF No. 276 (N.D. Cal. Sep. 30, 2011).  Similar to RayVio, the movants in each of these cases had numerous arguments to address and requested additional pages to ensure the proper presentation of their arguments.

The Court's Standing Order For Patent Cases allows Nitride 25 pages in its opening brief and 15 pages in its reply brief for a total of 40 pages of briefing on claim construction.  RayVio, however, is only allowed a single 25 page opposition brief, which is insufficient as it only allows a little over 2 pages of briefing to present each construction and respond to Nitride's construction of each term, and perhaps less as RayVio will need to provide a background of the technology of the '270 patent and a legal section before addressing the disputed claim terms.  In this case, patent indefiniteness under 35 U.S.C. § 112 is a major issue for more than half of the disputed terms of the '270 patent. Two pages per claim term would not provide RayVio with a fair opportunity to present its invalidity case on indefiniteness and its claim construction positions.

The additional pages that RayVio is requesting are essential for RayVio to have a full and

fair opportunity to present its positions to the Court because this case involves several additional issues not present in many other cases. *First*, in addition to presenting its constructions and addressing Nitride's constructions, Rayvio must also address indefiniteness under 35 U.S.C. § 112 as well as its alternative constructions for more than half of the disputed terms. Unlike in claim construction, RayVio bears the burden of proof with regard to indefiniteness and requires the additional pages to meet its burden of proof on each of the terms that it is asserting are indefinite. Further, of the 9 claim terms being construed in this case, about half of them present complicated indefiniteness issues requiring a detailed discussion of the technology in addition to an explanation of indefiniteness. Providing the technical background and explanation of indefiniteness requires additional pages beyond what would be required in a typical claim construction dispute. Moreover, to explain the indefiniteness issues, RayVio plans to include several annotated figures and diagrams to assist the Court in understanding the technology and the practical effect of the parties' proposed construction including why several of the terms are indefinite. While such annotated figures and diagrams would be helpful to the Court, they occupy significant space within the brief hindering RayVio's ability to present its arguments if RayVio is limited to about 2 pages per term as would be the case under the 25 page limit. Since RayVio has the burden of proof on indefiniteness, it requires the requested additional pages to have a fair opportunity to present its arguments in a clear manner to the Court.

To illustrate that the technical issues regarding enablement and claim construction are complex, RayVio's expert, Dr. Ponce, provided a ***102 page expert disclosure*** addressing 7 of the 9 terms in dispute, including 4 terms that are indefinite. Ex. A (Ponce Report).[1] For the four terms that RayVio asserts are indefinite, Dr. Ponce spends approximately ***56 pages*** addressing indefiniteness, RayVio's alternative constructions, and Nitride's proposed constructions. *Id*. at 36-50, 60-102. In light of the complexity of the issues and fairness, RayVio requests 40 pages for its responsive claim construction brief for all 9 claim terms, which is the same number of pages allowed Nitride in total for its briefing.

*Second*, RayVio needs to address Nitride's belated construction of "composition

---

[1] All exhibits cited herein are attached as Exhibits to the Declaration of Russell Tonkovich.

1  material," which Nitride did not include in the Joint Claim Construction Statement and then
2  proposed for the <u>first time</u> in Plaintiff's Opening Claim Construction Brief.  Dkt. 61 at 17n.9.  On
3  December 15, 2017, the parties agreed on a meet and confer to exchange constructions of
4  "composition material" on December 19, 2017.  Tonkovich Decl. ¶ 3.  On December 18, 2017,
5  Nitride's counsel informed RayVio that they "do not intend to provide a proposed construction
6  for that term" referring to "composition material."  Ex. B (12/18/17 Saraswat Email).  Nitride did
7  not propose a construction of "composition material" in the Joint Claim Construction Statement
8  on December 21, 2017 or in any of the subsequent amendments thereto.  Dkts. 54, 55, 58.

9        Nitride thus confirmed that it was not offering a construction for "composition material"
10  by deliberately not disclosing it in any of the three Joint Claim Construction Statements filed
11  with the Court.  *Id*.  Furthermore, just 8 days before Nitride's Opening Claim Construction Brief
12  ("Opening Brief"), Nitride's expert, Dr. Bretschneider, testified that Nitride had not offered a
13  construction of "composition material" and that he was not asked to provide an opinion on that
14  term.  Ex. C (Bretschneider Dep.) at 145:4-19.  Then, in its Opening Brief, Nitride argues for a
15  construction of "composition material" not present in any of the Joint Claim Construction
16  Statements and cites Dr. Bretschneider in support of its construction.  Dkt. 61 at 17n.9, 17-19.
17  RayVio is now working to respond to this new construction that was never disclosed by Nitride
18  and will require additional space to address this new construction in its briefing.

19        ***Third***, Nitride inserts various procedural arguments without any factual basis.  For
20  example, Nitride states "NS objects to any attempt by RayVio to circumvent the limitation on the
21  number of claim terms by seeking a construction of 'composition material' separate from the
22  longer claim phrase RayVio identified for construction in claim 1."  Dkt. 61 at 17n.8.  While
23  Nitride made this baseless assertion in a single sentence without any explanation of supporting
24  facts, RayVio will need to explain the factual background of the parties' correspondence and
25  filings with regard to claim construction to show the Court why Nitride's statement is devoid of
26  merit and factually incorrect.  Such factual explanations will require additional room in the brief.
27  Considering that RayVio has approximately 2 pages per term, the extra room taken up by
28  responding to such meritless arguments reduces RayVio's ability to address the substantive claim

1  construction and indefiniteness issues before the Court.

2  Given the complicated indefiniteness and claim construction issues in this case and the
3  fact that RayVio bears the burden of proof on indefiniteness, it is only fair that RayVio receive
4  the same number of pages of claim construction briefing as Nitride, who does not bear the
5  burden on any issue.  Since Nitride receives 40 pages of claim construction briefing between its
6  opening and reply briefs, RayVio requests the same total number of pages as Nitride, which is an
7  additional 15 pages beyond the limit set in the Standing Order For Patent Cases.  Giving both
8  parties the same number of pages to address indefiniteness and claim construction is
9  fundamentally fair and would not prejudice Nitride in any way.

10  III.  **IN AN ATTEMPT TO HINDER RAYVIO'S ABILITY TO PRESENT ITS ARGUMENTS IN FULL, NITRIDE OPPOSES THE MOTION.**

12  RayVio met and conferred twice with Nitride in an effort to reach agreement as to an
13  additional 15 pages for RayVio's responsive claim construction brief.  Tonkovich Decl. ¶ 2.  In
14  the meet and confers, RayVio proposed that the parties agree that RayVio receive an additional
15  15 pages for its responsive brief and Nitride receive 5 or 10 additional pages for its reply brief.
16  *Id*.  Nitride unreasonably and repeatedly rejected this offer with no compromise proposal.  Ex. D
17  (2/19/18-2/22/18 Email Chain) at 1-4; Tonkovich Decl. ¶ 2.  Nitride's refusal is plainly an
18  attempt to prevent RayVio from adequately presenting its arguments, as Nitride is also aware
19  that 25 pages is insufficient to brief all of the claim construction and indefiniteness issues in this
20  case.  Nitride is not prejudiced by the additional pages since RayVio is willing to allow Nitride
21  additional pages in its reply brief to respond.  Tonkovich Decl. ¶ 2.  RayVio merely wants a fair
22  opportunity to present its claim construction and indefiniteness positions to the Court.   Because
23  Nitride unilaterally refused any request for additional pages and refused to make any
24  compromise proposals, a stipulation could not be reached.  *Id*.

25  IV.  **CONCLUSION**

26  For the foregoing reasons, RayVio respectfully requests that the Court grant RayVio
27  leave to exceed the page limit for its Responsive Claim Construction Brief by 15 pages, thereby
28  permitting RayVio to file a 40 page Responsive Claim Construction Brief.

| | | |
|---|---|---|
| 1 | Dated: February 26, 2018 | DENTONS US LLP |
| 2 | | */s/ Robert F. Kramer* |
| | | DENTONS US LLP |
| 3 | | Robert F. Kramer (Bar No. 181706) |
| | | Email: robert.kramer@dentons.com |
| 4 | | Russell S. Tonkovich (Bar No. 233280) |
| | | Email: russell.tonkovich@dentons.com |
| 5 | | Kenneth Jenq (Bar No. 266024) |
| | | Email: kenneth.jenq@dentons.com |
| 6 | | 1530 Page Mill Road, Suite 200 |
| | | Palo Alto, CA 94304-1125 |
| 7 | | Telephone: (650) 798-0300 |
| | | Facsimile: (650) 798-0310 |

Carl Bretscher (*pro hac vice*)
Email: carl.bretscher@dentons.com
1900 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 496-7500
Facsimile: (202) 496-7756

*Attorneys for Defendant*
*RAYVIO CORPORATION*

# CERTIFICATE OF SERVICE

I, Adriana Cole, hereby declare:,

I am over the age of eighteen years and not a party to this action. My business address is Dentons US LLP, 1530 Page Mill Road, Suite 200, Palo Alto, CA 94304.

On February 26, 2018, I caused the following document, described as:

1. **DEFENDANT RAYVIO CORPORATION'S ADMINISTRATIVE MOTION FOR LEAVE TO EXCEED PAGE LIMITATION FOR RESPONSIVE CLAIM CONSTRUCTION BRIEF;**

2. **DECLARATION OF RUSSELL S. TONKOVICH IN SUPPORT OF DEFENDANT RAYVIO CORPORATION'S ADMINISTRATIVE MOTION FOR LEAVE TO EXCEED PAGE LIMITATION FOR RESPONSIVE CLAIM CONSTRUCTION BRIEF;**

3. **[PROPOSED] ORDER**

to be served via CM/ECF, upon all counsel of record registered to receive electronic filing, as indicated on the Court's website.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 26, 2018 in Palo Alto, CA.

*/s/  Adriana Cole*
Adriana Cole

106608319