ROBERT F. KRAMER (Bar No. 181706)
Email: robert.kramer@dentons.com
RUSSELL S. TONKOVICH (Bar No. 233280)
Email: russell.tonkovich@dentons.com
KENNETH JENQ (Bar No. 266024)
Email: kenneth.jenq@dentons.com
DENTONS US LLP
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304-1125
Telephone: (650) 798-0300
Facsimile: (650) 798-0310

CARL BRETSCHER (*pro hac vice*)
Email: carl.bretscher@dentons.com
DENTONS US LLP
1900 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 496-7500
Facsimile: (202) 496-7756

Attorneys for Defendant
RayVio Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

NITRIDE SEMICONDUCTORS CO., LTD., a Japanese corporation,

Plaintiff,

v.

RAYVIO CORPORATION, a Delaware corporation,

Defendant.

CASE NO. 5:17-cv-02952-EJD

**DEFENDANT RAYVIO CORPORATION'S MOTION TO STRIKE PORTIONS OF PLAINTIFF NITRIDE SEMICONDUCTORS CO., LTD.'S OPENING CLAIM CONSTRUCTION BRIEF AND EXPERT DECLARATION**

Date: April 19, 2018
Time: 9:00 a.m.
Place: San Jose Courthouse, Courtroom 4
Judge: Hon. Edward J. Davila

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on April 19, 2018, at 9 a.m., or as soon thereafter as counsel may be heard, in Courtroom 4 of the United States District Court for the Northern District of California, located at 280 South First Street, San Jose, California, Defendant RayVio Corporation ("RayVio"), by and through its counsel, shall and hereby does move for an order (1) striking the new construction of "composition material" and all supporting argument regarding this new construction from Nitride Semiconductors Co., Ltd.'s ("Nitride" or "NSC") Plaintiff's Opening Claim Construction Brief (Dkt. 61) ("Opening Brief") and paragraphs 125, 128-130 from the Declaration of Eric Bretschneider, Ph.D. in Support of Nitride Semiconductors Co., Ltd.'s Opening Claim Construction Brief (Dkt. 63) ("Bretschneider Declaration"), and (2) any further relief that the Court deems appropriate.

RayVio's motion is based upon this Notice, the attached Memorandum of Points and Authorities, the Joint Claim Construction Statement and attachments thereto (Dkt. 54) filed on December 21, 2017, Nitride's Opening Claim Construction Brief (Dkt. 61) and paragraphs 125, 128-130 from the Bretschneider Declaration (Dkt. 63) , filed on February 16, 2018, the complete files and records of this action, any oral argument the Court permits, and any further information that may properly be presented to the Court at or before the time this motion is deemed submitted by the Court.

# Table of Contents

**Page**

I. INTRODUCTION ........ 1

II. STATEMENT OF FACTS ........ 3

A. Prior to the Joint Claim Construction Statement, Nitride Stated Affirmatively That It Would Not Offer a Construction of "Composition Material" ........ 3

B. Nitride Never Proposed Any Construction of "Composition Material" in the Joint Claim Construction Statement or Any Amendments Thereto ........ 4

C. Nitride's Expert, Dr. Bretschneider, Testified That He And Nitride Offer No Construction of "Composition Material" ........ 4

D. Nitride Proposes a Construction of "Composition Material" For The First Time in Its Opening Brief ........ 5

E. Nitride Did Not Send a Letter or Meet And Confer Prior to Proposing a New Construction of "Composition Material" in Nitride's Opening Brief ........ 5

III. ARGUMENT ........ 6

IV. CONCLUSION ........ 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aristocrat Techs. v. Int'l Game Tech.*, No. 5:06-cv-03717-RMW, 2009 U.S. Dist. LEXIS 40975 (N.D. Cal. May 14, 2009) ........ 6

*Atmel Corp. v. Info. Storage Devices, Inc.*, No. 3:95-cv-01987-SC, 1998 WL 775115 (N.D. Cal. Nov. 5, 1998) ........ 6

*Authentec, Inc. v. Atrua Techs., Inc.*, No. 4:08-cv-01423-PJH, 2009 WL 902352 (N.D. Cal. March 26, 2009) ........ 6

*Depomed, Inc., v. Lupin Pharm., Inc.*, No. C 09-5587 PJH, 2011 WL 1877984 (N.D. Cal. May 17, 2011) ........ 7

*Integrated Circuit Sys., Inc., v. Realtek Semiconductor Co., Ltd.*, 308 F. Supp. 2d 1106 (N.D. Cal. 2004) ........ 6

*Phil-Insul Corp. v. Airlite Plastics Co.*, 854 F.3d 1344 (Fed. Cir. 2017) ........ 4

*Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336 (Fed. Cir. 2001) ........ 4

**Other Authorities**

Local Rule

4 ........ 6, 9
4-3 ........ 1, 2, 7, 10
4-3(b) ........ 6
4-4 ........ 10
4-7 ........ *passim*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff Nitride Semiconductors Co., Ltd. ("Nitride") deliberately and improperly violated the spirit and letter of Patent Local Rules 4-3 and 4-7 to ambush RayVio Corporation ("RayVio") by proposing a construction of an important claim term, "composition material," for the first time in its Opening Claim Construction Brief ("Opening Brief"). To be clear, this is ***not*** a case of modifying an existing construction disclosed in the Joint Claim Construction Statement. Rather, Nitride never proposed a construction of "composition material" in the Joint Claim Construction Statement. Then, in its Opening Brief, Nitride proposed for the first time ever in the case that "composition material" should be construed as "material composed of some, but not all, of the elements of the first gallium nitride based semiconductor" and spends about 3 pages (or about 15%) of its argument sections advocating in support of its newly proposed construction. Dkt. 61 at 17n.9, 17-19.

On a meet and confer on December 15, 2017, the parties agreed to exchange their respective constructions, if any, for "composition material." Tonkovich Decl. ¶3. Then, on December 18, 2017, Nitride's counsel stated in an email that "we do not believe it is necessary to separately construe the term "composition material," and therefore do not intend to provide a proposed construction for that term." Ex. 1 (12/18/17 Saraswat Email) at 1.

Indeed, in the Joint Claim Construction Statement ("JCCS") filed pursuant to Patent Local Rule 4-3 on December 21, 2017, Nitride did not propose any construction for "composition material." Dkt. 54. A corrected Exhibit A to the JCCS was filed on December 22, 2017, correcting a typographical error unrelated to this issue. Dkt. 55. Again, Nitride did not propose any construction of "composition material" in the JCCS. *Id*. Then, on February 7, 2018, which was just over a week before Nitride filed its Opening Claim Construction Brief, a Second Amended Joint Claim Construction Statement was filed with the Court, correcting a typographical error unrelated to this issue. Dkt. 58. Yet again, Nitride did not propose any construction of "composition material" in the Second Amended Joint Claim Construction Statement. *Id*.

On the same day, February 7, 2018, Dr. Bretschneider, Nitride's expert on claim construction, testified in his deposition that Nitride is not proposing any construction of "composition material" in this case and that he was not asked to opine on the construction of "composition material" in the claims of the '270 patent. Ex. 2 (Bretschneider Dep.) at 145:4-19. Therefore, just 8 days before Nitride's Opening Brief, Nitride confirmed in the Second Amended Joint Claim Construction Statement and in Dr. Bretschneider's deposition that Nitride was not proposing a construction for "composition material." Dkt. 58, Ex. 2 (Bretschneider Dep.) at 145:4-19.

Then, on February 16, 2018, in violation of the Patent Local Rule 4-3, which requires all of the parties' constructions to be in a Joint Claim Construction Statement, Nitride proposed a construction of "composition material" for the first time in its Opening Brief. Since Nitride first proposed this construction in its Opening Brief after the close of claim construction discovery, RayVio was not able to take discovery from Nitride or its expert, Dr. Bretschneider, regarding this new construction and is thus prejudiced by Nitride's intentional and deliberate failure to put RayVio on notice of its construction of "composition material" in the Joint Claim Construction Statement in violation of Patent Local Rule 4-3. In fact, Dr. Bretschneider had testified just a week prior to Nitride's Opening Brief that Nitride did not offer a construction of "composition material" and that he was not offering an opinion on that term. Now, in its Opening Brief, Nitride relies on Dr. Bretschneider to support its newly proposed construction of "composition material." That is fundamentally unfair and prejudicial to RayVio. If Nitride had a construction to offer and was going to rely on Dr. Bretschneider's testimony, Nitride and Dr. Bretschneider were required to disclose that construction and have Dr. Bretschneider testify about that construction. RayVio is further prejudiced because RayVio and its expert, Dr. Ponce, have not had an opportunity to consider and respond to this construction since it was never proposed before Nitride's Opening Brief.

Furthermore, Nitride did not even have the courtesy to notify RayVio or meet and confer regarding its introduction of a new construction for "composition material" when there was no existing construction in the Second Amended Joint Claim Construction Statement. Nitride's

failure to even attempt to meet and confer further shows Nitride's intent to ambush RayVio with a new construction in the briefing after claim construction discovery had ended thereby prejudicing RayVio.

RayVio requests that the Court strike Nitride's new proposal that "composition material" means "material composed of some, but not all, of the elements of the first gallium nitride based semiconductor" and all supporting argument found in Section IV.D.3. of Nitride's Opening Brief and paragraphs 125, 128-130 of the Declaration of Eric Bretschneider, Ph.D. in Support of Nitride Semiconductors Co., Ltd.'s Opening Claim Construction Brief ("Bretschneider Declaration"), which were cited in that Section. (Dkt. 61, 63)

## II. STATEMENT OF FACTS

### A. Prior to the Joint Claim Construction Statement, Nitride Stated Affirmatively That It Would Not Offer a Construction of "Composition Material"

After exchanging preliminary claim constructions on November 28, 2017, the parties engaged in a series of meet and confers over the proposed construction. During the parties' meet and confer on December 15, 2017, the parties discussed construing "composition material" and agreed that, if a party was going to propose a construction of "composition material," it would exchange such constructions with the other party on December 19, 2017. Tonkovich Decl. ¶3. On December 18, 2017, Nitride's counsel sent an email affirmatively stating that Nitride will ***not*** propose a construction of "composition material" in this case. Ex. 1 (12/18/17 Saraswat Email) at 1. Therefore, even though Nitride was aware that RayVio was proposing a construction for "composition material" in the asserted claims of the '270 patent, Nitride explicitly and unequivocally stated that it does not intend to provide a proposed construction of "composition material" in this case. Ex. 1 (12/18/17 Saraswat Email) at 1; Tonkovich Decl. ¶3. Accordingly, Nitride did not include in the Joint Claim Construction Statement filed on December 21, 2017, a proposed construction of "composition material." Dkt. 54 at Ex. A.

Further, for the sake of efficiency in the briefing, the parties explicitly agreed that the construction of "composition material" in the asserted claims of the '270 patent would be briefed by RayVio as part of the longer phrase of claim 1 rather than as a separate term. Tonkovich

Decl. ¶3. The parties understood that RayVio's construction of "composition material," while briefed once, would naturally apply to all of the asserted claims that contain "composition material" as it is black letter law that the same terms must be construed identically in the claims of a patent. Tonkovich Decl. ¶4; *Phil-Insul Corp. v. Airlite Plastics Co*., 854 F.3d 1344, 1359 (Fed. Cir. 2017) (citing *Rexnord Corp. v. Laitram Corp*., 274 F.3d 1336, 1342 (Fed. Cir. 2001)). Neither party contends that "composition material" has a different meaning in different claim terms in the '270 patent.

### B. Nitride Never Proposed Any Construction of "Composition Material" in the Joint Claim Construction Statement or Any Amendments Thereto

The parties in this case filed a Joint Claim Construction Statement on December 21, 2017, and two amendments thereto on December 22, 2017, and February 7, 2018, which were all before Nitride filed its Opening Brief. Dkts. 54, 55, 58. However, Nitride did not in any of these three versions of the Joint Claim Construction Statement propose a construction of "composition material." *Id*. Rather, the only construction of "composition material" in each of the Joint Claim Construction Statements is RayVio's construction. Dkts. 54-1, Ex. A at 12, 55-1, Ex. A at 12, 58-1, Ex. A at 12.

### C. Nitride's Expert, Dr. Bretschneider, Testified That He And Nitride Offer No Construction of "Composition Material"

Nitride's expert on claim construction, Dr. Bretschneider, was deposed February 7, 2018. In both the Second Amended Joint Claim Construction Statement and Dr. Bretschneider's deposition, Nitride took the position that it was ***not*** proposing a construction for "composition material." Specifically, Dr. Bretschneider clearly and unequivocally testified that Nitride did not offer a construction of "composition material" and that he was not asked to provide an opinion on the construction of "composition material."

Q. ***Has nitride offered a construction of composition material in this case?***

A. Competition or composition?

Q.· Composition material.

***THE WITNESS: No.***

> Q. …***Were you asked to give an opinion on the proper construction of composition material?***
>
> A. ***No***, and I didn't see that it would be necessary reading the patent. I think a person of ordinary skill would understand it.

Ex. 2 (Bretschneider Dep.) at 145:4-19 (objections removed). Therefore, just eight days before its Opening Brief, Nitride confirmed in the Second Amended Joint Claim Construction Statement and the deposition of Dr. Bretschneider that it had no intention of offering a construction of "composition material" in this case. Because Dr. Bretschneider testified that Nitride was not offering a construction of "composition material" and that he was not offering an opinion, RayVio was unable to depose Dr. Bretschneider on Nitride's belated construction of "composition material."

### D. Nitride Proposes a Construction of "Composition Material" For The First Time in Its Opening Brief

In its Opening Brief, Nitride proposed for the first time ever in the case that "composition material" should be construed as "material composed of some, but not all, of the elements of the first gallium nitride based semiconductor" and spends about 3 pages (or almost 15%) of its argument section advocating in support of its newly proposed construction. Dkt. 61 at 17n.9, 17-19. Further, Nitride had its expert Dr. Bretschneider submit a declaration in support of its brief providing a belated construction of "composition material" despite Dr. Bretschneider's admission just 8 days earlier that (1) Nitride did not offer a construction of "composition material" and (2) he was not asked to offer an opinion on "composition material." Dkt. 61 at 17-19; Dkt. 63; Ex. 2 (Bretschneider Dep.) at 145:4-19.

### E. Nitride Did Not Send a Letter or Meet And Confer Prior to Proposing a New Construction of "Composition Material" in Nitride's Opening Brief

Contrary to Patent Local Rule 4-7 and the practice in this District, Nitride did not attempt at any time to meet and confer with RayVio regarding its new claim construction of "composition material" that it was proposing for the first time in its Opening Brief. Nitride did not even send a letter notifying RayVio that it now intended to offer a construction of "composition material" not offered in the Second Amended Joint Claim Construction Statement

or the deposition of Dr. Bretschneider.

## III. ARGUMENT

The Patent Local Rules require the parties to "crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Integrated Circuit Sys., Inc., v. Realtek Semiconductor Co., Ltd.*, 308 F. Supp. 2d 1106, 1107 (N.D. Cal. 2004) (*quoting Atmel Corp. v. Info. Storage Devices, Inc.*, No. 3:95-cv-01987-SC, 1998 WL 775115, at *2-3 (N.D. Cal. Nov. 5, 1998)).

The procedures set forth in Patent Local Rule 4 are meant to require full disclosure of claim construction positions from both parties in a timely manner to avoid surprise. Under Patent Local Rule 4-3(b), the parties must include in the Joint Claim Construction Statement "each party's proposed construction," and identify all intrinsic and extrinsic evidence to support their constructions. So the process is fair and orderly, the parties must "narrow the instances of disputed terms" and "participate in the meet and confer process" in good faith or else be subject to sanctions. Patent L.R. 4-7. The Patent Local Rules are designed so that parties cannot take the "shifting sands" approach, and continuously change their positions, thereby unfairly prejudicing the other party. *Integrated Circuit Sys., Inc.*, 308 F. Supp. 2d at 1107 (quoting *Atmel Corp.*, 1998 WL 775115, at *2).

Courts in this District have granted motions to strike when parties violate Patent Local Rule 4 because deviating from the Joint Claim Construction Statement frustrates the parties' ability to engage in an orderly process for claim construction. *See Aristocrat Techs. v. Int'l Game Tech.*, No. 5:06-cv-03717-RMW, 2009 U.S. Dist. LEXIS 40975, at *9-10 (N.D. Cal. May 14, 2009) (striking portions of an expert declaration that was filed with a Markman brief, and not disclosed in the parties' Joint Claim Construction Statement as required by Patent Local Rule 4-3(d)).

When this Court has been faced with parties unduly shifting their claim construction positions, it has recognized the binding effect of the JCCS. *See Authentec, Inc. v. Atrua Techs., Inc.*, No. 4:08-cv-01423-PJH, 2009 WL 902352, at *1 (N.D. Cal. March 26, 2009) (denying an administrative motion to file an amended responsive claim construction brief because it was a

change in position from the Joint Claim Construction Statement); *Depomed, Inc., v. Lupin Pharm., Inc.*, No. C 09-5587 PJH, 2011 WL 1877984, at *17 (N.D. Cal. May 17, 2011) (acknowledging that the "Local Rules are clear that the joint claim construction statement is a final binding document"). Shifting claim constructions violate the purpose of the Patent Local Rules to create a streamlined and orderly procedure for patent cases.

Here, the facts and Nitride's plain gamesmanship are extreme. This is ***not*** a case where a party modified a few words in an existing construction fairly and timely disclosed in the Joint Claim Construction Statement pursuant to Patent Local Rule 4-3. Rather, this is a case where Nitride knowingly and intentionally told RayVio in correspondence that "we… ***do not intend to provide a proposed construction for that term***" referring to "composition material." Ex. 1 (12/18/17 Saraswat Email) at 1. RayVio relied on the statements of Nitride's counsel. Then, Nitride intentionally and deliberately did not submit a construction of "composition material" in the Joint Claim Construction Statement dated December 21, 2017, the Amended Joint Claim Construction Statement dated December 22, 2017, or in the Second Amended Joint Claim Construction Statement dated February 7, 2018. Dkts. 54, 55, 58. Nitride thus repeatedly confirmed that it was not offering a construction for an important claim term, "composition material," by deliberately not disclosing it in any of the several Joint Claim Construction Statements filed with the Court. RayVio relied on the representations of Nitride and its counsel in regard to the Joint Claim Construction Statements filed with the Court.

Nitride's expert even testified on February 7, 2018, that Nitride is not offering a construction of "composition material" and that he was not asked to opine on the term "composition material."

> Q. ***Has nitride offered a construction of composition material in this case?***
>
> A. Competition or composition?
>
> Q.· Composition material.
>
> ***THE WITNESS:· No.***
>
> Q. …***Were you asked to give an opinion on the proper construction of composition material?***

A. ***No***, and I didn't see that it would be necessary reading the patent. I think a person of ordinary skill would understand it.

Ex. 2 (Bretschneider Dep.) at 145:4-19 (objections removed). Therefore, when claim construction discovery closed, neither Nitride nor its expert, Dr. Bretschneider, had disclosed a construction of "composition material" for RayVio to pursue discovery on.

Then, after claim construction discovery closed, Nitride proposed in its Opening Brief a specific construction of "composition material" as "material composed of some, but not all, of the elements of the first gallium nitride based semiconductor" and spends about 3 pages (or about 15%) of its argument section advocating in support of its newly proposed construction. Dkt. 61 at 17n.9, 17-19. Even worse, Nitride's Opening Brief then relied on the Bretschneider Declaration for this new construction, who had just testified 8 days earlier that Nitride had no construction of "composition material" and that he was not even asked to opine on the construction of that term. Dkt. 61 at 17-19; Dkt. 62; Ex. 2 (Bretschneider Dep.) at 145:4-19. Furthermore, contrary to Patent Local Rule 4-7 and the practice in this District, Nitride did not send a letter or make any attempt to meet and confer with RayVio regarding its new claim construction of "composition material" before proposing it for the first time in its Opening Brief. This is clearly improper behavior.

Nitride and its counsel plainly did not act in good faith with regard to its construction of "composition material." Nitride had numerous and repeated chances to disclose its construction to RayVio. Rather than doing so, Nitride deliberately and intentionally engaged in improper gamesmanship refusing to disclose its construction in any of the three versions of the Joint Claim Construction Statement filed with the Court, especially since the Second Amended Joint Claim Construction Statement was filed just 8 days before the Opening Brief. Surely, Nitride knew of its construction by then. Even worse, Nitride had its expert, Dr. Bretschneider, testify that Nitride was not offering a construction of "composition material" in this case and that he was not opining on the meaning of that term when Nitride must have known that it was going to offer a construction for "composition material" in its Opening Brief and rely on Dr. Bretschneider as support for that new construction. Further, Nitride made no effort whatsoever to meet and confer

or otherwise put Nitride on notice of its construction. Such gamesmanship is improper and not tolerated in this District.

RayVio suffered real ***prejudice*** as a result of Nitride's egregious behavior. ***First***, RayVio prepared its position and selected its evidence with the explicit understanding that Nitride was not offering a construction of "composition material." RayVio reasonably believed that Nitride was not offering any construction of "composition material" based on (1) Nitride's counsel stating that it "do[es] not intend to provide a proposed construction for that term," (2) Nitride's deliberate choice not to propose a construction for the term in any of the three Joint Claim Construction Statements filed with the Court, and (3) Nitride's expert testifying that Nitride is not offering a construction of "composition material" and that he was not asked to provide an opinion on the construction of that term. Ex. 1 (12/18/17 Saraswat Email) at 1; Dkts. 54, 55, 58; Ex. 2 (Bretschneider Dep.) at 145:4-19. If RayVio had known that Nitride was going to offer the construction that it did in its Opening Brief, RayVio could have prepared its arguments and evidence to address that position. However, Nitride's improper gamesmanship deprived RayVio of the opportunity to know Nitride's constructions and prepare its case accordingly as contemplated and required by Patent Local Rule 4.

***Second***, RayVio did not have an opportunity to study Nitride's new construction of "composition material" and have its expert, Dr. Ponce, opine on it. So now, RayVio is left, after claim construction discovery has ended, to figure out its response to Nitride's new claim construction when it would have had almost 3 months to do so if Nitride had complied with the Patent Local Rules and timely disclosed its construction of "composition material" in the Joint Claim Construction Statement filed on December 21, 2017.

***Third***, RayVio was denied the opportunity to depose Nitride's expert, Dr. Bretschneider, on Nitride's construction. This significantly prejudiced RayVio's ability to take discovery on and challenge Nitride's new construction of "composition material." As stated above, Dr. Bretschneider testified that Nitride did not have a construction of "composition material" and that he was not asked to provide an opinion on that construction. Ex. 2 (Bretschneider Dep.) at 145:4-19. Therefore, RayVio could not have pursued questioning on Nitride's new construction

of "composition material" because (1) RayVio did not know what Nitride's construction is, (2) Dr. Bretschneider did not know what Nitride's construction is, and (3) Nitride deliberately withheld that information through the entire period of claim construction discovery to only now disclose its construction in its Opening Brief.

Courts in this district do not permit such gamesmanship and blatant violations of the Patent Local Rules. As the facts above make clear, it is simply not credible that Nitride acted in good faith in complying with the Patent Local Rules, especially Patent Local Rules 4-3 and 4-7. The appropriate remedy is two-fold. ***First***, the Court should strike Nitride's new construction of "composition material" as "material composed of some, but not all, of the elements of the first gallium nitride based semiconductor" and all supporting arguments for this new construction in Section IV.D.3. of Nitride's Opening Brief. ***Second***, the Court should strike paragraphs 125 and 128-130 of Dr. Bretschneider's report, which was cited in Nitride's Opening Brief to support Nitride's improper new construction of "composition material."

***Third***, Nitride should be admonished and sanctioned under Patent Local Rule 4-7 for failure to engage in good faith participation in the requirements of Patent Local Rule 4-3 and 4-4. Nitride should be ordered, at a minimum, to pay RayVio's legal fees incurred in preparing this motion.[1] As outlined above, it is simply not credible that Nitride and its counsel acted in good faith with regard to its construction of "composition material." Nitride deliberately chose not to disclose its construction of "composition material" in any of the three Joint Claim Construction Statements filed with the Court, which is inexcusable as the final one was filed just 8 days before the Opening Brief. Dkts. 54, 55, 58. At that point, Nitride surely knew it was going to propose a construction. Nitride then had its expert, Dr. Bretschneider, testify just 8 days before the Opening Brief that Nitride was not offering a construction of "composition material" and that he was not asked to opine on that term. Ex. 2 (Bretschneider Dep.) at 145:4-19. Nitride then offered a specific construction for "composition material" in its Opening Brief and relied on Dr. Bretschneider as support for that new construction. Dkt. 61 at 17-19. Moreover, Nitride made

[1] If Nitride is permitted to rely on Dr. Bretschneider's testimony, it should immediately make him available for deposition with Nitride paying all legal fees and costs, including paying for RayVio's attorney's fees to prepare for and take Bretschneider's deposition.

no effort to meet and confer or otherwise put Nitride on notice of its new construction. Such gamesmanship is truly egregious and contrary to the good faith requirement of Rule 4-7. Nitride's sanction should include the fees and costs of filing and litigating this Motion to Strike and the fees and costs associated with preparing RayVio's responsive claim construction brief.

## IV. CONCLUSION

For the foregoing reasons, RayVio respectfully requests that the Court strike Nitride's new construction of "composition material" as "material composed of some, but not all, of the elements of the first gallium nitride based semiconductor" and all supporting arguments for this new construction in the Opening Brief, including Section IV.D.3. of Nitride's Opening Brief. Further, RayVio respectfully requests that the Court strike all portions of the Bretschneider Declaration relied on by Nitride for their construction of "composition material," including paragraphs 125, 128-130 of the Bretschneider Declaration that are cited in Nitride's Opening Brief to support Nitride's improper new construction of "composition material." Finally, the Court should sanction Nitride for its actions by requiring it to pay for all attorneys' fees and costs related to filing and litigating this Motion to Strike as well as all attorneys' fees and costs related to preparing RayVio's responsive claim construction brief with regard to the term "composition material." Furthermore, if Nitride is permitted to rely on Dr. Bretschneider's testimony regarding "composition material," Nitride should immediately make him available for deposition and should pay all attorney's fees and costs associated with preparing for and taking the deposition of Dr. Bretschneider regarding the term "composition material."

Dated: February 26, 2018

DENTONS US LLP

/s/ Robert F. Kramer

DENTONS US LLP
Robert F. Kramer (Bar No. 181706)
Email: robert.kramer@dentons.com
Russell S. Tonkovich (Bar No. 233280)
Email: russell.tonkovich@dentons.com
Kenneth Jenq (Bar No. 266024)
Email: kenneth.jenq@dentons.com
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304-1125
Telephone: (650) 798-0300
Facsimile: (650) 798-0310

Carl Bretscher (*pro hac vice*)
Email: carl.bretscher@dentons.com
1900 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 496-7500
Facsimile: (202) 496-7756

*Attorneys for Defendant*
*RAYVIO CORPORATION*

## CERTIFICATE OF SERVICE

I, Adriana Cole, hereby declare:

I am over the age of eighteen years and not a party to this action. My business address is Dentons US LLP, 1530 Page Mill Road, Suite 200, Palo Alto, CA 94304.

On February 26, 2018, I caused the following document, described as**:**

1. **DEFENDANT RAYVIO CORPORATION'S MOTION TO STRIKE PORTIONS OF PLAINTIFF NITRIDE SEMICONDUCTORS CO., LTD.'S OPENING CLAIM CONSTRUCTION BRIEF AND EXPERT DECLARATION;**
2. **DECLARATION OF RUSSELL S. TONKOVICH IN SUPPORT OF DEFENDANT RAYVIO CORPORATION'S MOTION TO STRIKE PORTIONS OF PLAINTIFF NITRIDE SEMICONDUCTORS CO., LTD.'S OPENING CLAIM CONSTRUCTION BRIEF AND EXPERT DECLARATION;**
3. **[PROPOSED] ORDER**

to be served via CM/ECF, upon all counsel of record registered to receive electronic filing, as indicated on the Court's website.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 26, 2018 in Palo Alto, CA.

*/s/ Adriana Cole*
Adriana Cole

106629458