United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NITRIDE SEMICONDUCTORS CO., LTD., <br> Plaintiff, <br> v. <br> RAYVIO CORPORATION, <br> Defendant. | Case No. 5:17-cv-02952-EJD <br><br> **ORDER DENYING DEFENDANT RAYVIO CORPORATION'S MOTION TO STRIKE** <br> Re: Dkt. No. 65 |

On February 16, 2018, Plaintiff Nitride Semiconductor Co., Ltd.'s ("Nitride") filed its Opening Claim Construction Brief in the above-captioned case. Defendant RayVio Corporation ("RayVio") now moves to strike portions of this brief, its supporting expert declaration, and to impose sanctions because it improperly introduced a new construction for a claim term in violation of Patent Local Rules 4-3 and 4-7. For the reasons discussed below, RayVio's motion is DENIED.

**I. BACKGROUND**

On August 18, 2017, this Court issued a Patent Scheduling Order setting forth a schedule for the parties to comply with various deadlines for claim construction disclosures and briefing under the Patent Local Rules. Dkt. No. 37.

On November 28, 2017, the parties exchanged preliminary proposed constructions pursuant to Patent Local Rule 4-2. Declaration of Daniel Radke ("Radke Decl."), Exs. B and C, Dkt. Nos. 71-3 and 71-4. Both parties proposed constructions for terms which included the phrase "composition material." *Id*. The chart below summarizes the proposals relevant to this motion:

Case No.: 5:17-cv-02952-EJD
ORDER DENYING DEFENDANT RAYVIO CORPORATION'S MOTION TO STRIKE

1

| Term | Nitride's Proposal | RayVio's Proposal |
|---|---|---|
| "a spatial fluctuation is created in the band gap by variation in the compositional ratio in the second gallium nitride based semiconductor created by the composition material" (claim 1) | "continuous widening and narrowing of the band gap laterally within the second gallium nitride based semiconductor is created by changes in the ratio of the elements in the second gallium nitride based semiconductor created by the composition material" but did not separately propose a construction for "composition material." | This limitation is indefinite rendering claim 1 invalid.<br><br>Alternative construction if claim is not indefinite:<br>"a spatial fluctuation is created in the band gap of the second gallium nitride based semiconductor by variation in the ratio of (1) the amount of composition material to (2) the amount of gallium nitride based material within the second gallium nitride based semiconductor caused by discrete areas of only composition material, i.e., discrete (distinct) droplets or microblocks composed of a single element selected from the first gallium nitride based semiconductor and that is not part of another material"<br><br>"composition material" in all asserted claims means "discrete (distinct) droplets or microblocks composed of a single element selected from the first gallium nitride based semiconductor and that is not part of another material"<br>. . . |
| "the composition material is one selected from Ga or Al" (claim 2) | "the material composed of some of the elements of the first gallium nitride based semiconductor is either Ga or Al" | "the composition material is Ga or Al, not both" (claim 2) |

*Id.*

On December 15, 2017, the parties engaged in a meet and confer pursuant to Patent Local Rule 4-2(c). As part of this discussion, the parties discussed the possibility of construing "composition material" as a separate term. Declaration of Russell Tonkovich ("Tonkovich Decl."), Dkt. No. 65-1, at ¶ 3; Opposition to Motion to Strike ("Opp."), Dkt. No. 71, at 3. They agreed that, if a party was going to propose a construction of "composition material," it would exchange such construction(s) with the other party by December 19, 2017. Tonkovich Decl. ¶ 3. On December 18, 2017, Nitride sent RayVio an email informing it that:

> Upon further consideration, we do not believe it is necessary to separately construe the term "composition material," and therefore do not intend to provide a proposed construction for that term. The parties' respective interpretations of "composition material" in the previously-identified terms are clear from the parties' proposed constructions, exchanged on November 28, of the claim terms identified in rows 4 and 5 of Exhibit 1 to RayVio's PLR 4-2 Disclosure. Given that "composition material" is already included in the existing identified terms, we see no reason to create a new

Case No.: 5:17-cv-02952-EJD
ORDER DENYING DEFENDANT RAYVIO CORPORATION'S MOTION TO STRIKE
2

separate term for it.

Tonkovisch Decl., Ex. 1, Dkt. No. 65-2.

The parties filed their Joint Claim Construction Statement ("JCCS") on December 21, 2017 and two subsequent amendments on December 22, 2017 and February 7, 2018. Dkt. Nos. 54, 55, 58. In all of these statements, RayVio proposed a construction for "composition material," which it listed as a part of its proposed construction for the "spatial fluctuation" term of claims 1. *Id*. It did not list "composition material" as its own separate term, nor did it repeat its construction of "composition material" in other disputed terms which contained "composition material." *Id*. Nitride did not disclose a separate construction for "composition material" in any of its proposed constructions. *Id*.

The parties exchanged expert declarations on January 12, 2018. Nitride's expert, Dr. Bretschneider, stated in his declaration:

> The "composition material" is, according to the plain language of the claim, one of the materials of which the first gallium nitride based semiconductor is composed: "a composition material of the first gallium nitride based semiconductor." Ex. 3, '270 Patent at cl. 1. As the '270 patent discloses and claims, where the first gallium nitride based semiconductor is AlGaN, the composition material can be, for example, Al or Ga. Ex. 3, '270 Patent at 4:1-4 (identifying Al and Ga as "composition materials of the AlGaN"); cls. 2 and 9. Since the term "composition material" is effectively defined earlier in claim 1, I see no reason to define it further.

Declaration of Eric Bretschneider ("Bretschneider Decl."), Dkt. No. 63, at ¶ 125. Dr. Bretschneider also argued against RayVio's proposed construction for "composition material," explaining why he considered RayVio's "discrete area(s)" and "single element" qualifiers unnecessary. *Id*. ¶¶ 128-31.

RayVio deposed Nitride's expert, Dr. Bretschneider, on February 7, 2018. At his deposition, Dr. Bretschneider testified that Nitride had not offered a construction of "composition material" nor had it asked him to opine on this term:

> Q. Has nitride offered a construction of composition material in this case?
> A. Competition or composition?
> Q. Composition material.
> THE WITNESS: No.

Case No.: 5:17-cv-02952-EJD
ORDER DENYING DEFENDANT RAYVIO CORPORATION'S MOTION TO STRIKE

3

> Q. …Were you asked to give an opinion on the proper construction of composition material?
> A. No, and I didn't see that it would be necessary reading the patent. I think a person of ordinary skill would understand it.

Tonkovich Decl., Ex. 2, Dkt. No. 65-3, at 145:4-19 (objections excluded).

Eight days later, on February 16, 2018, Nitride filed its Opening Claim Construction Brief. Dkt. No. 61. In its section on the "spatial fluctuation" term from claim 1, Nitride included a three-page subsection discussing "composition material." *Id.* at 17-19. In this section, Nitride opened with a paragraph explaining why "composition material" needed no separate construction and then, in the four remaining paragraphs, explained why RayVio's proposal to limit "composition material" to "discrete area(s)" and a "single element" was wrong. *See id.* Nitride also included a footnote which stated:

> If the Court prefers to state the meaning of "composition material" in other words, [Nitride] submits that "material composed of some, but not all, of the elements of the first gallium nitride based semiconductor" would be the proper construction.

Dkt. No. 61, at 17 n.9. Nitride never contacted RayVio before it filed its Opening Claim Construction Brief to express that it intended to offer a construction of "composition material."

Ten days later, on February 26, 2018, RayVio filed the instant motion. Motion to Strike ("Mot."), Dkt. No. 65. RayVio also filed a motion for leave to file excess pages in its Responsive Claim Construction Brief, which the Court denied. Dkt. Nos. 64, 70.

## II. LEGAL STANDARD

This District's Patent Local Rules set forth a detailed schedule under which the parties must provide early identification of their respective claim construction positions. *See* Patent L.R. 4-1, 4-2, 4-3. Patent L.R. 4-7 requires that the parties participate in this process in good faith, and provides that "[a] failure to make a good faith effort to narrow the instances of disputed terms or otherwise participate in the meet and confer process of any of the provisions of section 4 may expose counsel to sanctions, including under 28 U.S.C. § 1927."

As has been recognized by many courts, the purpose of disclosures under the Patent Local Rules is to "require parties to crystallize their theories of the case early in the litigation." *O2*

Case No.: 5:17-cv-02952-EJD
ORDER DENYING DEFENDANT RAYVIO CORPORATION'S MOTION TO STRIKE

4

*Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (quoting *Atmel Corp. v. Info. Storage Devices, Inc.*, No. C 95-1987 FMS, 1998 WL 775115, at *2 (N.D. Cal. 1998)). A district court has wide discretion in enforcing the Patent Local Rules. *Id*. at 1365-66; *SanDisk Corp. v. Memorex Prods., Inc*., 415 F.3d 1278, 1292 (Fed. Cir. 2005).

## III. DISCUSSION

In the instant motion, RayVio requests that the Court strike: (1) Nitride's new construction of "composition material" as "material composed of some, but not all, of the elements of the first gallium nitride based semiconductor" (stated in footnote 9 of its Opening Claim Construction Brief); (2) all supporting arguments for this construction in Nitride's Opening Claim Construction Brief, including Section IV.D.3; and (3) all portions of Dr. Bretschneider's Declaration which Nitride relies on to support this construction, including paragraphs 125, 128-130. Mot. 11. RayVio also requests sanctions and that Nitride be required to make Dr. Bretschneider available for deposition and pay RayVio's fees and costs incurred from that additional deposition. *Id*.

RayVio argues that it is entitled to this relief because Nitride's construction of "composition material" as "material composed of some, but not all, of the elements of the first gallium nitride based semiconductor" (stated in footnote 9 of its Opening Claim Construction Brief) is a new construction which it did not timely disclose, violating Patent L.R. 4-3 and 4-7. Mot. 6-9. RayVio argues that Nitride's failure to disclose this construction was intentional and, as such, demonstrates extreme gamesmanship and a lack of good faith. *Id*. RayVio argues that it has suffered real prejudice as a result of Nitride's failures, including that: (1) it prepared its positions and arguments with the explicit understanding that Nitride was not offering a construction for "composition material;" (2) it did not have the opportunity to study Nitride's new construction or have its expert, Dr. Ponce, opine on it; and (3) it did not have the opportunity to depose Nitride's expert, Dr. Bretschneider, on Nitride's new construction. *Id*. 9-10.

Nitride responds that the "construction" of "composition material" in footnote 9 is not new, as it repeats substantially the same language that Nitride has used with reference to "composition material" throughout its claim construction disclosures. Opp. 6-7. Nitride also argues that RayVio has

Case No.: 5:17-cv-02952-EJD
ORDER DENYING DEFENDANT RAYVIO CORPORATION'S MOTION TO STRIKE
5

not been prejudiced because it has had the opportunity to respond to Nitride's Opening Claim Construction Brief, and none of the positions that Nitride has taken with respect to "composition material" are surprising or new. *Id*. at 7-10. Nitride also argues that RayVio's request to strike whole portions of Nitride's briefing, as well as requests for sanctions and an additional depositions, are overreaching and unwarranted. *Id*. at 10-13.

After carefully considering the parties' arguments, the Court finds that RayVio is not entitled to the relief it seeks. Although it would have been preferable for Nitride to include a statement similar to footnote 9 in the JCCS, nothing about footnote 9, the related sections of Nitride's Opening Claim Construction Brief (Section IV.D.3), or the related sections of Dr. Bretschneider's declaration should have been new or surprising to RayVio. As Nitride correctly points out, the language of footnote 9 is substantially similar to the language which Nitride used to describe "composition material" in its Patent Local Rule 4-2 disclosures. Specifically, in those disclosures, Nitride proposed construing "the *composition material* is one selected from Ga or Al" from claim 2 as "the *material composed of some of the elements of the first gallium nitride based semiconductor* is either Ga or Al." Radke Decl., Ex. B at 6. The language which Nitride used for "composition material" in this proposal ("material composed of some of the elements of the first gallium nitride based semiconductor") is largely the same as the language which Nitride proposed in footnote 9 ("material composed of some, but not all, of the elements of the first gallium nitride based semiconductor"). The only difference is the addition of "but not all." To be sure, this shifts the meaning of this phrase; however, it is slight enough that the overall meaning remains substantially similar. Accordingly, footnote 9 simply restates the position that Nitride has taken with respect to "composition material" and cannot be considered a new construction.

Section IV.D.3—the subsection covering "composition material"— of Nitride's Opening Claim Construction Brief also does not contain new or surprising material. In the first paragraph of this section, Nitride repeats the same position on "composition material" that it has maintained all along: that "[t]here is no reason to use different words to explain the meaning of the 'composition material' because claim 1 itself defines 'composition material' . . . ." Dkt. No. 61 at 17. This is

Case No.: 5:17-cv-02952-EJD
ORDER DENYING DEFENDANT RAYVIO CORPORATION'S MOTION TO STRIKE
6

consistent with the position that it took during claim construction discovery, where it also did not separately propose a construction for "composition material." *See* Radke Decl., Ex. B; Dkt. Nos. 54, 55, 58. In the remainder of this subsection, Nitride simply argues why RayVio's proposal to limit "composition material" to "discrete area(s)" and a "single element" is wrong. Even if a party does not propose a construction for a particular term, it is certainly entitled to refute an opposing party's proposal. The remainder of Section IV.D.3 of Nitride's Opening Claim Construction Brief does precisely this. Thus, nothing about Section IV.D.3 should have been new or surprising to RayVio, and the Court will not strike it on the grounds that it is a new construction.

These same can be said of Dr. Bretschneider's declaration. All of the paragraphs that RayVio identifies in its motion—paragraphs 125 and 128-30—either discuss why "composition material" needs no separate construction or specifically refute the "discrete area(s)" and a "single element" limitations that RayVio proposes. The first is consistent with Nitride's positions and the second is proper rebuttal argument. As such, none of this material should have been new or surprising to RayVio, and the Court will not strike it on the grounds that it is a new construction.

Moreover, even if footnote 9, Nitride's Opening Claim Construction Brief, or Dr. Bretschneider's declaration could be interpreted as improperly introducing a new construction, the Court finds that this has not prejudiced RayVio. As an initial matter, this is not a case where RayVio has been ambushed with material to which it cannot respond. Instead, RayVio had the opportunity to respond to Nitride's treatment of "composition material" in its Responsive Brief, which was due a full month after Nitride filed its opening brief. As such, this case is distinguishable from the situation called out in the Court's Standing Orders, which discourages parties from "proposing new constructions for the first time in reply briefs or other filings which do not afford the opposing party an opportunity to respond." Judge Davila Standing Order for Patent Cases at § IV.E., available at http://www.cand.uscourts.gov/ejdorders.

In addition, none of the theories of prejudice specifically identified by RayVio are convincing. First, RayVio argues that it was prejudiced because it prepared its positions and arguments with the explicit understanding that Nitride was not offering a construction for

Case No.: 5:17-cv-02952-EJD
ORDER DENYING DEFENDANT RAYVIO CORPORATION'S MOTION TO STRIKE
7

"composition material." This is disingenuous. Because, as discussed above, nothing about footnote 9 should have been new or surprising to RayVio, RayVio should have already prepared its positions and arguments with this substance in mind. Second, RayVio argues that it was prejudiced because it did not have the opportunity to study Nitride's new construction or have its expert, Dr. Ponce, opine on it. This is unpersuasive for the same reason discussed above—nothing about the substance of footnote 9 should have been new or surprising to RayVio; thus, even without footnote 9, it had ample opportunity to study this material and allow Dr. Ponce to respond. Further, to the extent that footnote 9 sharpened RayVio's focus on this specific material, RayVio had a full month to study footnote 9 and could have sought to submit a supplemental declaration from Dr. Ponce. RayVio did not do that. Third and finally, RayVio argues that it was prejudiced because it did not have the opportunity to depose Nitride's expert, Dr. Bretschneider, on Nitride's new construction. This also fails for the same reason discussed with respect to RayVio's first two theories—the substance of footnote 9 should not have been new or surprising to RayVio; thus, RayVio entered Dr. Bretschneider's deposition with full awareness of Nitride's position on "composition material" and had the opportunity to depose Dr. Bretschneider accordingly. Indeed, RayVio appeared to have no problems asking Dr. B questions about "composition material" during his deposition. *See* Radke Decl., Ex. D, at 146:1-149:9. Accordingly, none of the arguments that RayVio makes regarding prejudice is persuasive.

In sum, the Court finds that Nitride has not offered a new construction of "composition material" and, regardless, RayVio has not been prejudiced. Because of this, the Court will not strike any of the material identified by RayVio. In addition, for this same reason, the Court finds sanctions unwarranted and will not grant this request from RayVio either. As such, the entirety of RayVio's motion is DENIED.

**IV. ORDER**

RayVio's motion is DENIED.

Case No.: 5:17-cv-02952-EJD
ORDER DENYING DEFENDANT RAYVIO CORPORATION'S MOTION TO STRIKE

8

**IT IS SO ORDERED.**

Dated: May 11, 2018

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-02952-EJD
ORDER DENYING DEFENDANT RAYVIO CORPORATION'S MOTION TO STRIKE
9