UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NITRIDE SEMICONDUCTORS CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> RAYVIO CORPORATION, <br><br> Defendant. | Case No. 17-cv-02952-EJD (SVK) <br><br> **ORDER REGARDING DEFENDANT'S REQUEST TO QUALIFY DR. PINER AS AN EXPERT WITH ACCESS TO HIGHLY CONFIDENTIAL INFORMATION UNDER THE PROTECTIVE ORDER** <br><br> Re: Dkt. No. 111 |

Before the Court is the parties' joint statement regarding a dispute over the request of Defendant RayVio Corporation ("RayVio") to qualify Dr. Edwin Piner as an expert. ECF 111. Plaintiff Nitride Semiconductors Co., Ltd. ("NS") objects to the request. ECF 112. The Court refers to and incorporates by reference the relevant case background and legal discussion set forth in this Court's order regarding Plaintiff's request to qualify Dr. Doolittle as an expert. ECF 114. For the reasons set forth below, Defendant's request to qualify Dr. Piner as an expert with access to highly confidential information under the protective order is **GRANTED**.

RayVio represents, and the documents support, that Dr. Piner is not currently engaged in commercial consulting activities and has not been so engaged for more than five years. Therefore, there does not appear to be any threat of disclosure of NS confidential information to a competitor or other entity. Further, Rayvio has made a sufficient showing that Dr. Piner's company, AEM is the entity through which Dr. Piner offers his litigation support services.[1] RayVio has complied

---

[1] By contrast, Dr. Doolittle was involved in an admittedly commercial enterprise, the focus of which was development of a technology which Rayvio also utilizes. While this technology is not the direct subject of the lawsuit, Rayvio represented that it had proprietary rights in its development of the subject technology. Thus, there was evidence of a tangible risk that Dr. Doolittle would not be able to separate the highly confidential information he would glean from reviewing Rayvio's proprietary information from his commercial endeavor.

with the requirements of the Protective Order in disclosing Dr. Piner's litigation services in the past five years, and those engagements are not the basis for NS's objections. NS's concern that Dr. Piner's commercial engagements through AEM would put NS confidential data at risk of disclosure is not supported. More particularly, the absence of current commercial engagements by AEM, as distinguished from litigation support services, is unrefuted, and any link between NS confidential material and a commercial enterprise is unestablished. Finally, concern about a speculative future commercial consulting assignment disclosing unspecified NS confidential data is simply too tenuous to create a tangible risk warranting denial of qualification of Dr. Piner under the Protective Order.

**SO ORDERED.**

Dated: July 13, 2018

SUSAN VAN KEULEN
United States Magistrate Judge