# REDACTED VERSION OF DOCUMENT
# SOUGHT TO BE SEALED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NITRIDE SEMICONDUCTORS CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> RAYVIO CORPORATION, <br><br> Defendant. | Case No. 17-cv-02952-EJD (SVK) <br><br> **ORDER ON JOINT DISCOVERY LETTER BRIEF RE PLAINTIFF'S REQUEST TO AMEND INFRINGEMENT CONTENTIONS** <br><br> Re: Dkt. No. 116 |

In this lawsuit, Plaintiff Nitride Semiconductors Co., Ltd. ("NS") alleges that ultraviolet ("UV") light-emitting diode ("LED") products of Defendant RayVio Corporation ("RayVio") infringe NS's U.S. Patent No. 6,861,270. Before the Court is NS's request for leave to amend its infringement contentions to add an allegation that RayVio infringes under the doctrine of equivalents ("DOE"). ECF 116. NS premises its request on RayVio's service of supplemental interrogatory responses concerning its non-infringement theories on May 31, 2018, following issuance of the Court's May 11, 2018 claim construction order. The Court held a hearing on July 31, 2018. Having considered the parties' submissions, the arguments made at the hearing, the file in this case, and relevant case law, the Court DENIES NS's request to amend its infringement contentions for the reasons set forth below.

### I. BACKGROUND

NS served its infringement contentions on September 8, 2017. *See* ECF 116 at 2. In those contentions, NS asserted that all accused RayVio devices include ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*

On or around the date it served it infringement contentions, NS also served Interrogatory No. 7, which seeks RayVio's non-infringement contentions. According to NS, RayVio's original

1  responses to that interrogatory on October 13, 2017 "included only boilerplate denials." ECF 116
2  at 1 n.1. RayVio, however, claims that its original response to Interrogatory No. 7 contained
3  substantive information. *Id.* at 4-5. On December 5, 2017, NS sought to compel a further
4  response to this and other interrogatories, but the Court denied the motion without prejudice as
5  being premature, especially because the Court had not yet construed claim terms. ECF 48, 42.
6        On May 11, 2018, the Court issued its claim construction order. ECF 97. As relevant to
7  the current dispute, the Court adopted RayVio's construction for the disputed claim term "forming
8  on"/"formed on": "form(ing/ed) in contact with and above." *Id.* at 8-11.[1]
9        On May 31, 2018, RayVio served its second supplemental response to NS's Interrogatory
10 No. 7. *See* ECF 116 at 2. This response included the following non-infringement contention:

> RayVio does not perform the step of "forming a first gallium nitride based semiconductor on a substrate" because the accused products do not have ███████. For example, the accused products have ███████

*Id.*

16       NS now seeks leave to serve amended infringement contentions asserting that RayVio
17 meets the "formed on"/"forming on" limitations under the DOE even if no literal infringement is
18 found. ECF 116.
19       Fact discovery closed on June 28, 2018. ECF 37. Opening expert reports are due August
20 15, 2018. ECF 105.

**II. LEGAL STANDARD**

This District's Patent Local Rule 3-6 provides:

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:

---

[1] NS proposed the following construction of this claim term: "form(ing/ed) directly or indirectly above." ECF 97 at 8.

2

>    (a) A claim construction by the Court different from that proposed by the party seeking amendment;
>
>    (b) Recent discovery of material, prior art despite earlier diligent search; and
>
>    (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.
>
>    The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions.

"The local patent rules in the Northern District of California … require[] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery" and "thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006). In contrast to the more liberal standard for amending pleadings, "the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002) (citation omitted).

As stated in Patent Local Rule 3-6, the moving party bears the burden of demonstrating good cause to amend its infringement contentions. *Karl Storz Endoscopy-Am. v. Stryker Corp.*, No. 14-0876-RS (JSC), 2016 WL 7386136, at *2 (N.D. Cal. Dec. 21, 2016). In evaluating whether good cause exists, the Court considers the moving party's diligence and prejudice to the opposing party. *Id.*

The moving party bears the burden of first establishing diligence. *O2 Micro*, 467 F.3d at 1355; *Radware Ltd. v. F5 Networks, Inc.*, No. 13-02021-RMW, 2014 WL 3728482, at *1 (N.D. Cal. July 28, 2014). Diligence is evaluated at two steps: "(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been

3

discovered." *Monolithic Power Sys., Inc. v. Silergy Corp.*, No. 14-1745-VC (KAW), 2015 WL 5440674, at *2 (N.D. Cal. Sept. 15, 2015) (citation omitted). "In considering the party's diligence, the critical question is whether the party could have discovered the new information earlier had it acted with the requisite diligence." *Radware*, 2014 WL 3728482, at *1 (citation omitted).

When the moving party is unable to demonstrate diligence, there is "no need to consider the question of prejudice." *O2 Micro*, 467 F.3d at 1368. If, however, the moving party is found to have acted with diligence, the court must then determine whether the opposing party would suffer prejudice if the motion to amend were granted. *Apple Inc. v. Samsung Elecs. Co. Ltd.*, No. 12-0630-LHK (PSG), 2013 WL 3246094, at *1 (N.D. Cal. June 26, 2013). "Prejudice is typically found when amending contentions stand to disrupt the case schedule or other court orders." *Karl Storz Endoscopy-Am.*, 2016 WL 7386136, at *3.

### III. DISCUSSION

NS seeks to amend its infringement contentions to include DOE theories in connection with several elements of the asserted claims. ECF 116. NS contends that "RayVio first disclosed its non-infringement positions" when it recently served its second supplemental response to NS's Interrogatory No. 7. *Id.* at 1. RayVio responds that NS knew or should have known of its non-infringement positions more than eight months ago because of information exchanged earlier in the case. *Id.* at 4.

The Patent Local Rules "are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006) (citation omitted). Patent Local Rule 3-1(e) requires a party claiming patent infringement to include DOE claims in its infringement contentions. The purpose of this rule is to prevent "a running dialogue between the parties, with additions of theories as one side asserts that a particular argument is unsustainable." *Apple*, 2013 WL 3246094, at *3.

NS premises its request for leave to amend primarily on service of RayVio's second

4

supplemental responses to Interrogatory No. 7, which contained RayVio's non-infringement contentions. ECF 116 at 1-2. However, "[s]ervice of noninfringement contentions, on its own, generally does not warrant granting leave to amend." *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110, 1114 (N.D. Cal. 2017) (citing *Apple*, 2013 WL 3246094, at *3 and *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-3587-WHO, 2015 WL 757575, at *8 (N.D. Cal. Feb. 20, 2015)). As explained by the court in *Apple*, Patent Local Rule 3-1 requires a party to state all viable theories in its infringement contentions. *Apple*, 2013 WL 3246094, at *4 ("Samsung should have provided its DOE theories in its contentions at the beginning of this case if it had a good-faith basis to assert them."). The Court found that Apple's noninfringement contentions did not "justify Samsung's delay in asserting all of the infringement theories it reasonable believed it could assert," and since Samsung had no other justification for amendment, the court denied its motion for leave to amend. *Id.*; *see also Fujifilm*, 2015 WL 757575, at *8 (denying leave to amend infringement contentions to add DOE theories, which were "based on the same structures in the same products that [the patent owner] has for months asserted literally infringe," despite the accused infringer's recent clarification of its non-infringement positions).

To warrant leave to amend, noninfringement contentions "must typically disclose new or nonpublic information." *Verinata*, 236 F. Supp. 3d at 1114 (citing *Fujifilm*, 2105 WL 757575, at *8). NS's existing infringement contentions take the position that all accused RayVio products include ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ ECF 116 at 2. NS claims the DOE theories it now seeks to add to its infringement contentions respond to RayVio's noninfringement theory regarding ■■■■■■■■■■■■■■■■■■■ ■■■■■■ Specifically, RayVio takes the following position in its most recent noninfringement contention interrogatory response:

> RayVio does not perform the step of "forming a first gallium nitride based semiconductor on a substrate" because the accused products do not have ■■■■■ ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ For example, the accused products have ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

ECF 116 at 2.

5

1    NS has not demonstrated that RayVio's second supplemental response to Interrogatory No.
2    7 included any new, non-public information about RayVio's ▇▇▇▇▇▇▇▇ To the
3    contrary, in opposition to RayVio's motion to seal information submitted to the Court in
4    connection with the parties' briefing on NS's attempt to qualify Dr. Doolittle as an expert witness,
5    NS told the Court that ▇▇▇▇▇▇ in RayVio's products was publicly known as of May
6    2016. *See* ECF 101, p. 1. RayVio also claims that two interrogatory responses it served in the fall
7    of 2017 informed NS that ▇▇▇▇▇▇▇▇▇▇▇▇ in all accused
8    products. *See* ECF 116 at 4-5. RayVio responded to Interrogatory No. 2 on September 29, 2017,
9    by stating that each accused product included ▇▇▇▇▇▇▇▇▇▇▇▇ ECF
10   47-4 at 11. By November 3, 2017, RayVio had informed NS in a response to Interrogatory No. 7
11   (the noninfringement contention interrogatory) by denying that it had a method of forming a first
12   gallium nitride based semiconductor on a substrate and denying that the accused products included
13   that composition. ECF 47-6 at 13, 14. Meanwhile, in the fall of 2017 the parties were engaged in
14   the early stages of the claim construction process, and RayVio offered the construction of "formed
15   on" that the Court later adopted in its claim construction order. *See* ECF 54 (December 21, 2017
16   Joint Claim Construction Statement). Taken together, this information put NS on notice of the
17   facts regarding RayVio's accused products that are relevant to NS's proposed DOE theories, as
18   well as RayVio's non-infringement position, months before RayVio served its second
19   supplemental response to Interrogatory No. 7. *Id.* at 5. Thus, RayVio's service of its second
20   supplemental response to Interrogatory No. 7 does not establish good cause for NS's request to
21   amend its infringement contentions because NS has not demonstrated that it was diligent in
22   discovering the need to amend its infringement contentions or raising that issue with the Court.

23   At the hearing, NS admitted that the joint discovery letter brief relied on RayVio's second
24   supplemental response to Interrogatory No. 7 as the reason why NS sought to amend its
25   infringement contentions, but argued that the proposed amendments are also justified by the
26   Court's issuance of its claim construction order on May 11, 2018. Patent Local Rule 3-6 states
27   that "a claim construction by the Court different from that proposed by the party seeking
28   amendment" may support a finding of good cause to amend the party's infringement contentions.

6

1    But "differing claim construction in and of itself does not constitute good cause[;] the moving
2    party must still establish its diligence." *Verinata Health, Inc. v. Sequenom, Inc.,* Case No. C 12-
3    00865 SI, 2014 WL 789197, at *2 (N.D. Cal. Feb. 26, 2014) (citation omitted). Several factors
4    lead the Court to conclude that issuance of the claim construction order in this case does not
5    support a finding of good cause to amend NS's infringement contentions. First, NS did not make
6    this argument in the joint discovery statement. Second, on the merits, the argument fails because
7    although the Court issued a construction of the claim limitations "formed on"/"forming on" that
8    was different than what NS proposed, the Court adopted RayVio's proposed construction of those
9    terms. NS has been on notice of that proposed construction since November 2017, when the
10   parties first began the claim construction process. Third, this case is notably distinguishable from
11   *Radware*, which NS cited at the hearing in support of its argument that a post-claim construction
12   motion to amend infringement contentions is diligent. In *Radware* the Court adopted claim
13   constructions different from those proposed by either party. 2014 WL 3728482, at *2.
14   Additionally, the schedule in that case expressly provided for further amendments following claim
15   construction. *Id.* In this case, by contrast, the Court adopted Rayvio's construction, there was no
16   such provision in the case schedule, and NS waited until after fact discovery closed to seek leave
17   to amend its infringement contentions.

18   Having found that NS has failed to demonstrate diligence in asserting its additional DOE
19   theories, the Court need not evaluate the prejudice that would result from granting NS leave to
20   amend its infringement contentions. *See Fujifilm*, 2015 WL 757575, at *7 ("Where the moving
21   party was not diligent, the inquiry should end.").

22   **IV.    CONCLUSION**
23   For the foregoing reasons, NS's motion for leave to amend its infringement contentions is
24   DENIED.

25   **SO ORDERED.**
26   Dated: August 1, 2018

_____
SUSAN VAN KEULEN
United States Magistrate Judge

7